The next case for argument is Dolgen California, LLC v. Gile v. Gil, I hope I'm pronouncing that right. Good morning, counsel. Good morning, Your Honors. My name is Joel Allen, and I represent Dolgen Corp of California, otherwise known as Dollar General, in this case, the appellant. I'd like to reserve three minutes of my time for rebuttal, if I could. The question before the court is whether Dollar General's conduct prior to filing his motion to compel arbitration was inconsistent with an intent and amounted to a waiver of the right to arbitrate. The answer to that question is no, and the judgment of the district court should be reversed so that this case may be compelled to arbitration. As a preliminary matter, you know that in the Morgan case, the Supreme Court found that prejudice is no longer a part of the standard for finding waiver in arbitration. Also, we do not take any issue or contest the fact that we knew of the arbitration agreement. So the only issue before the court in this appeal is whether our pre-motion conduct was inconsistent with the right to proceed under the Arbitration Act. Now, any determination of waiver has to be explored through the fact-intensive, holistic standard that the Ninth Circuit takes in determining whether waiver occurred, an approach that rejects bright-line rules and focuses on all facts relevant to the intent to arbitrate. What tips the scales in one case may not tip the scales in another. In analyzing the cases that have found waiver, it seems the key determination is the message that the litigant sends to the court and to the opposing party by its actions. That is, is the litigant demonstrating that they are seeking a resolution with the court as opposed to going to seek a resolution in arbitration? The facts here are really straightforward. Feller General engaged both plaintiffs, Mr. Geil and Mr. Gallegos, Mr. Geil without an arbitration agreement, Mr. Gallegos with an arbitration agreement, regarding the sufficiency of their allegations under Rule 8 in their operative complaint. The conferences were required by local rules and resulted in seven amendments and over 100 pages of new allegations raised. At no time before the motion to compel did Dollar General engage in discovery and at no time did they engage in planning a trial. At the same time, Dollar General repeatedly and consistently preserved their right to engage in arbitration with respect to Mr. Gallegos' claims. The lower court focused on two factors when it determined that there was a waiver in the case. First, a delay in the amount of time that occurred between the removal motion and the motion to compel arbitration and the fact that there were two dismissals, two motions to dismiss on. Counsel, why didn't you move to compel earlier? Were you sort of rolling the dice, heads you win, tails you lose, rolling the dice on the merits that when you don't prevail then you shift to a motion to compel? No, Your Honor, we were simply under Rule 8 trying to get the facts established that needed to be addressed under Rule 8 for these claims. Under Rule 8 you have to make limited allegations in order to be in court in the first place. Would that have had any bearing though on the success of your motion to compel? In other words, did you need the Rule 8 relief in order to succeed on your motion to compel? No, what our first motion to dismiss was based on the fact of the insufficiency of the pleadings. And as I've said, there's two plaintiffs here. There is an individual with an arbitration agreement and an individual without an arbitration agreement. Had we moved to compel at that point, then the necessity of cleaning up the pleadings, so to speak, would have had to have occurred in two different forums, which would not have been efficient. Moreover, in looking at the case law, there certainly, at least as we read it, there was certainly no waiver, at least what we saw in the cases, by following simply a motion to dismiss in order to clean up and ensure that the allegations were sufficient to support the claims that they were asserting. But you mentioned efficiency, right? You had one individual who had an arbitration clause and the other one who didn't. And for strategic reasons, you chose to basically litigate in the district court for a period of nine months. Now, granted, most of that didn't occur, didn't require adjudication by the court, but that was still nine months of litigation pending before the district court, going all the way up to the joint 26F report and conference with the court. Two rounds of motions dismissed. Why isn't that course of conduct inconsistent with the desire to trigger the arbitration clause? Well, Your Honor, I think you have to look at the Ninth Circuit standard to evaluate that conduct. And the Ninth Circuit standard says look at all the facts. The district court, I think, characterized that seven to nine months, depending upon what the start date is if you look at our removal motion or if you look at when we're served, as an extensive pleading stage. And I would submit to you under the Ninth Circuit precedent of Martin and New Earth and Van Ness that active litigation that amounts to waiver typically includes more than just a motion to dismiss and pleading stages. And then the reason why there was such a long period of time that occurred was that at every turn, according to the local rules, we have to meet and confer before we file a motion to dismiss. So when we met and conferred with the other side to ask for. Right, that's asked to Mr. Geil, whose case would continue anyway, but not asked to Mr. Gallegos, who had the arbitration agreement, right? Well, right. But again, if you sort of look at the. So you made a choice to package them together and put them on the same path in the district court? Yes, with respect to those motions. Yes, Your Honor. As a strategic matter? I don't know that we were really thinking strategy. I think we were trying to clean up the pleading so that we knew what the case was. I mean, again, we weren't taking them on the merits, especially at the very beginning. We just wanted the allegations to be pled in a way that we could defend ourselves. And in looking at the case law and the precedent, that didn't seem to be any evidence of a waiver. And so given the fact that there were these two plaintiffs, one with and one without, that seemed to us to be the best course. So, again, the district court analyzed basically two facts, the delay and the fact that there were motions to compel. I already touched on one of the things that I think is important is to look at other factors that were at issue. With respect to the delay, I believe I've already sort of stated that we believe that the issue was that the plaintiff either contributed or caused the delay by virtue of the meet and confer process and by taking seven attempts to actually adequately plead their claims. Secondly, I don't believe that the district court analyzed the fact that we, on every turn, made a reservation of our rights to engage in arbitration at some point. We said it in our removal. We said it in all our motions. We said it in stipulations. We said it in the Rule 26 report. What is the Ninth Circuit standard, though, concerning a delay like you're talking about? With respect to preservation, both Van Ness and Martin identified the fact that the move-in in that case, the appellant in that case, did not reserve the right to engage in arbitration or delayed by reserving the right. So I don't think that the Ninth Circuit has said specifically this is how it's going to apply because it's such a fact-intensive standard, but both of those Ninth Circuit cases found that to be relevant when they were analyzing the case. In Martin, we held that just a statement, reserving the right is not enough, isn't it? Yes, and I don't believe it to be. I believe you have to look at the totality of the circumstances to make a determination on what weight to give that. Certainly, if I engaged in discovery and I planned a trial, and then on the eve of trial I said, hey, I've been preserving this all along, my acts are not consistent with my intention of arbitrating the case. What my acts are saying is I intend to use the judicial forum to adjudicate my defense, not the arbitrable forum. Another issue that I believe that the district court did not adequately analyze was the fact that none of Mr. Gallegos' court claims were ever in danger of being dismissed. We never moved with prejudice to dismiss those court claims. I mean, the allegations, the court claims in this lawsuit are the inability to get paid for all-time work, the failure to reimburse for expenses, minimum wage and overtime, and mill and respirator violations. Those are the court claims. The rest of the claims are derivative, and none of those court claims were sought to be dismissed with prejudice. The initial motion to dismiss sought to dismiss all the claims. Under our Rule 8, not with prejudice, but under Rule 8. That was in 1286. Yes. I want to address a couple of other matters that I think are really important. Again, going back to the motion to dismiss, the district court said in the opinion that the second motion to dismiss sought to dismiss all claims with prejudice. That's just not right. If you look at the motion to dismiss again, five of the court claims were left alone. The only three claims that were sought to be dismissed without leave to amend were, number one, a seating claim. That is irrelevant here. It was added in the Fourth Amendment complaint. It was done so without any prior notice, with any request for leave to amend, with any agreement of our side, and it was voluntarily dismissed by them on their own. And then the other two were derivative claims, a waiting time claim and a wage statement claim. But I think even more importantly is what the plaintiff asserts and got wrong. Mr. Gallegos in his pleadings or in his response where he says that Dollar General engaged in extensive discovery and litigation. That is simply false. Dollar General engaged in no discovery prior to the motion to compel. The mentioned discovery occurred after the motion to compel was filed at the direction of the district court with an understanding that that wouldn't be seen as a waiver. However, we cataloged all the activities that they said that were discovery in pages 15 to 16 of the reply. Now, why is this important and why do I think Mr. Gallegos makes these allegations? The cases that have found waiver in the Ninth Circuit have two things in common. One, there was extensive discovery that was engaged in. Two, there was trial planning engaged in. You look at Neuwirth, Van Ness, Martin, and even Kelly, and you find those factors permeate all four of those cases. Certainly, when a party engages in discovery and trial planning, that party is expressing an intent to have a judicial forum resolve the case. But that's not what occurred here, and I'll reserve the rest of my time. Thank you. Good morning, Your Honor. This is the court. My name is Eric Kingsley, and I represent the respondent or appellee in this matter. So the defendant brings up a lot of points. I guess perhaps the best way to do this is to address them in order. They started by saying that the message that the appellate sends to the court is important, and I agree with that statement. And I think that when you go through a series of four or six meet-and-confers, two motions to dismiss, you attend a scheduling conference, dates are set, that that tells the court that you're in the judicial forum. Your Honor's had some discussion with counsel about the, I'm sorry, I apologize, that with and without, one had arbitration, the other didn't. And so I think there's sort of two interpretations there. Appellant's interpretation is that they were just trying to, under Rule 8, sort of get the pleading sent. But I think the different interpretation is perhaps that the defendant had a change of heart at some point in the litigation, decided that they wanted to compel Mr. Gallegos to arbitration. And I think it would be odd for us to have two rules, one rule when there isn't a non-arbitration signing party in the case, and one where there is. And so I think the fact that there was the presence of a non-arbitration signing party should have no effect on the determination of waiver. We have to look at Mr. Gallegos' circumstances and the litigation activity that he had to go through. Well, counsel, let me ask you this. First, your court citing to Newark said that, well, defendant essentially made an intentional decision not to move to compel arbitration and instead actively litigated the merits for a prolonged period of time to take advantage of being in court. So, you know, we played through some of the arguments that would cut against them. But this prolonged period of time, most of that time was eaten up with the plaintiffs just trying to clean up the allegations in the complaint. Six amendment complaints and finally going to Rule 26F on the seventh complaint. So to what extent do we look at that issue that, yes, it took a long time, nine months or so, but most of that was because the plaintiffs were trying to fix the complaint so that it didn't have to go to a motion to dismiss that the court had to decide? Well, I would flip that in a sense that I don't know if you could put that on the plaintiff. It's really on the defendant. I mean, to use a fencing analogy, the defendant was thrusting at us and we were carrying the blows in terms of trying to save the complaint. So but for the defendant saying, we're going to file a motion to dismiss because we think the pleading is inadequate, we wouldn't have had to engage in that conduct. And so at the end of the day, it was the defendant constantly pushing us to change and amend the complaint, filing two motions to dismiss to validate those arguments that caused the delay. That sort of cuts both ways, right? Because if you were confident in the pleading allegations, let it go to a 12B6 motion, let the court decide, and then move on to discovery. Absolutely. I guess we could have done that. But, you know, Twombly, as a Supreme Court, it's laid down. Twombly is sort of a difficult, sometimes you think you have the right pleadings and you don't. And so they kept pointing out things to us that they thought could defeat some of the claims. And so, you know, caution dictates that you should amend the complaint. But I'm not sure why we get blamed necessarily for the delay. That's just part of the litigation process. So I'm not sure the defendant gets the benefit of ignoring those things rather than them being part of the litigation process. I mean, and as it goes back to sort of the original point, it seems to me that by appearing at a scheduling conference, that's sort of misleading the court. If you're going to have a, you know, date set and the like. But. Counsel, let me ask you. Yes, sir. We're a court of review, not a first view. What if we might agree with your position, but we agree with opposing counsel that the district court made some fundamental errors in its analysis and its findings, such as saying the motions to dismiss were with prejudice, et cetera. Aren't we in a situation where we should remand it to allow the district court to clean it up and establish a basis for its ruling that it could be supported on appeal? Well, I would say that I think whether or not it was dismissed with or without prejudice, the way I read the motions to dismiss, perhaps I'm misinterpreting, that they wanted to have them, that they didn't state a claim as a matter of law. So I'm not sure I understand why that wouldn't be with prejudice, but perhaps I'm misanalyzing the issue. And so to the extent that I guess your honors deem that they weren't dismissed without prejudice, I mean, the court does say, I guess, in the order in the, I guess, the Sixth Amendment complaint, that the next round it would be dismissed with prejudice. I'm not sure, I just read it yesterday, whether he addresses whether he could have done it at that point or not. In that circumstance, I think Plaintiff had miscalendered a date and filed an opposition there. Well, one basis for finding an abuse of discretion is that the decision is based on clearly erroneous fact findings. And opposing counsel maintains that there is a flaw in the reasoning, and I'm just trying to get your position on it. I guess perhaps it's harmless error if, in fact, based on the totality of the circumstances, I mean, it's really not an abuse of discretion standard. My understanding is it's really a de novo standard. You're supposed to look at it fresh, and so if you look at it fresh and still deem there's waiver, then I don't think you would have to send it back. So I think maybe that could be the end around there. You're really not bound by the district court's order from that perspective. Which is too bad for you, right? Well, if you deem there's no waiver, I guess, I understood. But, I mean, I think that at the end of the day, I mean, defendant is sort of cherry picking that one line out of Martin that says filing a motion to dismiss isn't waiver, and it does say that, but it's one line, and the court didn't determine that waiver did exist in that case. And so it just does seem to me that, to the extent you buy my argument, that filing multiple or sending multiple letters and meeting conferrers and talking about the complaint, that that, I'm not trying to separate that from engaging the litigation machinery. That's what lawyers do on a daily basis. Lawyers talk to each other. Lawyers write letters back and forth. It's very rare that something actually gets to the court. And that's why federal courts have all of these local rules. And they don't want to hear from counsel all the time. They want counsel to work these things out. So should there be some punishment to the plaintiff in this circumstance when they worked really hard and did all these things and followed the rules, and then at the end of the day, after almost a year has been put into this litigation machinery, and then they get sent to arbitration, it creates a perverse incentive, it seems to me, for defendants to basically go into court and go through all this activity, have pleading challenges galore in federal court, and then at the point when they haven't quite engaged in discovery, then file the motion to compel arbitration and waste, frankly, the court's time as well as the litigant's time as well. Well, I've been doing this a long time, and in my experience, parties who are serious about motions to compel arbitration file those motions very quickly. After the case is filed, they don't go months at a time. They don't wait to see what the substantive rulings are and then move to compel. If they do, they're risking they're going to get that motion denied. That's my experience, too. But, you know, so almost a year, and like I said, all of this different activity seems to me, you know, to be a pretty clear-cut case of waiver here. Well, what's happening below? A lot's happening below. I mean, presently. Yes. Well, there was a motion to certify the class that was denied. We filed a Rule 23-F petition that was granted by this court, and so there's a briefing on that issue. So we sort of have two simultaneous appeals. And in the meantime, there's a trial date set in April of next year, which the parties had attempted to try to move, but Judge Scarsey had denied based upon the appendix of these two appeals here in the Ninth Circuit. All right. Thank you. Thanks, Your Honor. Your Honor, just a brief rebuttal. We had to attend the scheduling conference because it was ordered and it was not going to be moved. The idea that we had a change of heart, actually, no, we didn't. We said from the very beginning when we filed our first motion to dismiss and the removal that we intended to engage in arbitration.  It was an operation of the meet and confer process where we couldn't file a motion to dismiss if they kept amending their complaint and they amended their complaint seven times. The fact that, just so that we're clear, I'm not suggesting that the fact that there are two plaintiffs, one with an arbitration and one without an arbitration, is a silver bullet by any stretch of the imagination. It's a part of the totality of the circumstances. And that's exactly our point here. None of the cases in the Ninth Circuit have found waiver on these facts. Again, the common theme in those cases are extensive discovery and trial planning. So in order for the court to find waiver or to analyze this, I think the court should look at the acts of Dollar General and ask several questions. Did Dollar General seek to litigate the case through discovery to its conclusion in the court? The answer to that is no, it didn't. Was Dollar General sending a message through planning the scheduling of the case through trial? No, it didn't. Was Dollar General silent as to its intent to arbitrate the matter? No, it was not. Did Dollar General attempt to resolve all claims with the court? It did not. And on that, if you don't have any questions, I submit. All right, I think we've got the arguments well in hand. Thank you both very much for your argument today. The matter is submitted.
judges: NGUYEN, THOMAS, Fitzwater